UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHRISTOPHER SEAN WALLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-CV-349 JD |
| | ) |
| STATE OF INDIANA, et al., | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

In this action, pro se plaintiff Christopher Sean Waller sued a number of individuals and the State of Indiana, asserting claims that appear to arise out of various criminal cases in state court. On November 20, 2015, Mr. Waller filed a complaint with the heading of "Legal Malpractice," which spans 79 pages and consists of a written narrative interspersed with exhibits and quotations of other documents. On February 11, 2016, Mr. Waller filed a "Supplement" to his complaint, which begins on a form provided by the Court for complaints under 42 U.S.C. § 1983, but which spans 376 pages, many of which are transcripts from proceedings in state court. He has also filed a number of motions and supplements.

It is difficult to discern what Mr. Waller's claims actually are, but he appears to assert that his due process rights were violated by being sentenced to additional terms of imprisonment after having already been sentenced to time served in those proceedings, and by conduct that he believes caused his habeas petition contesting those sentences to be wrongfully denied. Mr. Waller named as defendants the State of Indiana, two prosecutors involved in the criminal cases and his petition for collateral relief, a deputy attorney general who represented the State in the habeas petition, and Mr. Waller's defense attorney, Robert W. Gevers, II. The defendants have each moved to dismiss the complaint.

At the outset, Mr. Waller's complaint could easily be dismissed for violating Rule 8(a), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The 79-page complaint is neither short nor plain, and is very difficult to decipher, as are the supplements and other filings Mr. Waller has submitted. Having reviewed Mr. Waller's filings, though, it is apparent that this Court lacks jurisdiction over the claims, so dismissing the complaint under Rule 8(a) and permitting an amendment would be futile.

In short, the injuries underlying each of Mr. Waller's claims were caused by judgments entered against him in state court. Mr. Waller asserts that he was improperly sentenced in three different criminal matters in 2009 and that he was not given proper credit for time served as of the time of those sentences. He then filed a habeas petition that was later construed as a petition for collateral review of those judgments, and he argues that the defendants caused that petition to be wrongfully denied. However, a federal district court does not have jurisdiction over claims that amount to requests for review of state court judgments or that necessarily imply the invalidity of convictions or sentences in state court. *Hadley v. Quinn*, 524 F. App'x 290, 293 (7th Cir. 2013) ("Under *Heck* a plaintiff may not pursue a suit for damages under § 1983 that would undermine the validity of a conviction unless he demonstrates that the conviction 'has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)); *Beaven v. Roth*, 74 F. App'x 635, 638 (7th Cir. 2003) ("As a general rule, federal courts (other than the Supreme Court) have no subject matter jurisdiction to review state-court judgments, *see Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Ct. of*

*App. v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and litigants cannot avoid this rule by casting their complaints in the form of a federal civil rights action under § 1983, *see Lewis v. Anderson*, 308 F.3d 768, 772 (7th Cir.2002); *Maple Lanes, Inc. v. Mel Messer*, 186 F.3d 823, 825 (7th Cir.1999).").

Thus, for example, in *Beaven*, the plaintiff argued that an Indiana trial court improperly calculated his credit for time served as of the date of his sentencing. 74 F. App'x at 637. He sued a number of defendants in federal court, arguing that they violated his federal rights by depriving him of presentence credit to which he was entitled, causing him to be imprisoned for too long. The Seventh Circuit held that the claim was barred under *Heck*, since it was equivalent to a collateral attack on the state court's judgment. *Id.* at 637–39. Likewise, in *Hadley*, the plaintiff claimed that he had been incarcerated on an invalid conviction and then, after being paroled, unlawfully reimprisoned for infractions that occurred only after his parole term had expired. 524 F. App'x at 291. After pursuing those arguments in habeas petitions, he filed a civil suit in federal court against various defendants, arguing that they had caused him to be falsely imprisoned. However, the Seventh Circuit held that the claims were barred by the *Rooker-Feldman* doctrine and by *Heck*, since the plaintiff was essentially asking the federal court to review the state-court judgments, and his suit for damages under § 1983 would undermine the validity of his conviction. *Id.* at 293.

The same analysis applies here. Mr. Waller alleges that the defendants caused or allowed him to be improperly sentenced in state court and denied credit for time served, and that they caused his habeas petition in state court to be wrongfully denied. These claims are essentially an attempt to use a civil suit under § 1983 to challenge those judgments. Mr. Waller's alleged injuries stem from the judgments themselves, and his claims, if successful, would imply the

3

invalidity of those judgments, which he does not suggest have been set aside. If Mr. Waller believes the judgments in state court were erroneous, he may challenge them within the state courts if he has not done so already, and if he is still in custody, he may file a petition for habeas corpus in federal court after exhausting his remedies within the state system. However, this Court lacks jurisdiction over these claims, so they must be dismissed.[1]

Finally, Mr. Gevers filed a counterclaim against Mr. Waller asserting that Mr. Waller's claim is barred by res judicata. He also filed a motion for clerk's entry of default against Mr. Waller after Mr. Waller failed to timely file an answer to the counterclaim. However, res judicata is an affirmative defense, not a freestanding claim, and thus is not properly asserted as a counterclaim. Therefore, the Court dismisses Mr. Gevers' counterclaim against Mr. Waller and denies the motion for clerk's entry of default as moot.

In conclusion, the Court GRANTS the motions to dismiss filed by Mr. Gevers [DE 5] and by the State Defendants [DE 31]. Mr. Waller's complaint is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. Mr. Waller's motions for summary judgment [DE 38, 42] are therefore DENIED. The Court also DISMISSES Mr. Gevers' Counterclaim against Mr. Waller, and DENIES the motion for clerk's entry of default [DE 30] as moot. The Clerk is DIRECTED to enter judgment and close the case.

SO ORDERED.

ENTERED: July 14, 2016

/s/ JON E. DEGUILIO
Judge
United States District Court

---

[1] Mr. Waller's claims would face other impediments on the merits, as described in the defendants' motions, but because the Court lacks jurisdiction, it does not reach those issues.